| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| CHARLES W. WALKER, SR., YOLANDA | * | CR 104-059 |
| MONIQUE WALKER, THE CWW GROUP, | * | |
| INC., GEORGIA PERSONNEL SERVICES, | * | |
| INC., and THE AUGUSTA FOCUS, INC. | * | |

# ORDER

Presently before the Court in this criminal matter is a motion to quash two subpoenas issued by the United States Government to non-party newspaper reporters, Lucy Soto and Ken Foskett, of The Atlanta Journal-Constitution. The motion to quash was filed by attorneys for the newspaper. The subpoenas were issued on May 16, 2005, seeking to compel the attendance of the reporters at the trial of the case on May 23, 2005. The instant motion to quash was filed and served on May 20, 2005. This Court heard oral argument on the motion on that day. The Government thereafter filed its response in opposition to the motion to quash, and the Court heard argument once again today during the trial of the case.

On behalf of the reporters, the newspaper asserts what is commonly referred to as a "reporter's privilege." This privilege was first recognized in the Eleventh Circuit in

United States v. Caporale, 806 F.2d 1487, 1504 (11th Cir. 1986) (citing Miller v. Transamerican Press, Inc., 621 F.2d 721 (5th Cir. 1980)).[1] The reporter's privilege protects a newspaper reporter from being compelled to disclose information the reporter obtains in the course of gathering news. In order to overcome the reporter's privilege, the subpoenaing party, in this case the Government, must show (1) that the reporter has information that is "highly relevant" to the case;[2] (2) that the information is necessary to the proper presentation of the case; and (3) that the information sought is unavailable from other sources. Id.

In the instant case, Defendant Charles W. Walker, Sr., has been charged with devising and participating in five schemes to defraud. Some of the allegations related to these schemes to defraud charge the theft of honest services through violation of his fiduciary duty to the public in his position

---

[1] While Caporale was a criminal case, it adopted the reporter's privilege as enunciated by the Fifth Circuit in a civil case, Miller v. Transamerican Press, Inc., 621 F.2d at 726. In United States v. Smith, 135 F.3d 963 (5th Cir. 1998), the Fifth Circuit subsequently refused to extend the reporter's privilege to non-confidential information in criminal cases and distinguished Miller on the basis that Miller was a civil case and involved confidential material. Although I find the reasoning of Smith persuasive, I am bound by Eleventh Circuit precedent to apply the reporter's privilege to this criminal matter.

[2] The term "highly" was not used by the Fifth Circuit in Miller, which was cited by the Caporale court in adopting the reporter's privilege. See Miller, 621 F.2d at 726.

2

as the Georgia Senate Majority Leader. Additionally, Walker is charged with the alleged misuse of his political campaign account for personal expenses.

During two relevant time periods, from February through April of 2000 and in April of 2002, the newspaper reporters investigated and wrote articles for The Atlanta Journal-Constitution dealing in part with the subject matter of the instant indictment. In the subject newspaper articles published in 2000, newspaper reporter Lucy Soto reported statements Walker made to the newspaper concerning his ownership interest in Georgia Personnel Services and its business relationship with Grady Memorial Hospital. In the subject newspaper articles published in 2002, newspaper reporter Ken Foskett reported statements Walker made to the newspaper concerning his ownership interest in The Walker Group and its business relationship with both Grady Memorial Hospital and the Medical College of Georgia.[3] Ken Foskett also reported what Walker related to him about the purpose of $38,000 paid to The Augusta Focus out of Walker's political campaign account. Finally, Ken Foskett reported Walker's statements concerning money spent out of his campaign account

---

[3] Walker's statements to Ken Foskett were actually made in writing through Walker's civil attorney, acting as Walker's agent, in response to specific questions posed to Walker by The Atlanta Journal-Constitution.

3

to maintain an apartment in Atlanta. The Government has subpoenaed the appearance of Lucy Soto and Ken Foskett to reveal to the jury Walker's statements made to them as published in the articles.

The statements sought to be revealed by the newspaper reporters are that of the defendant, Charles Walker. As such, the statements are not hearsay and are admissible under Federal Rule of Evidence 801(d)(2)(A). Thus, the Court need only examine whether the reporters are protected by the claimed "reporter's privilege."

At the outset, I note that some district courts in the Eleventh Circuit have extended the reporter's privilege to information that was not confidential in that it had been published. See, e.g., McCarty v. Bankers Ins., 195 F.R.D. 39, 44 (N.D. Fla. 1998) (in quashing a subpoena to a journalist, noting that the qualified privilege for journalists extends to information obtained in news gathering "whether published or not"); Kidwell v. McCutcheon, 962 F. Supp. 1477 (S.D. Fla. 1996). Again, I will reference the case of United States v. Smith, 135 F.3d 963, of the Fifth Circuit, which specifically declines to apply a reporter's privilege to non-confidential information. The Smith court logically reasoned that the concerns of the press in a chilling effect upon sources is less substantial when the source is on-the-record. Id. at

970. The reporter's privilege is grounded in the press' desire not reveal its confidential sources, as discussed the seminal case of <u>Branzburg v. Hayes</u>, 408 U.S. 665 (1972), and its progeny. In the instant case, the newspaper reporters seek to protect information that Walker and the reporters understood and agreed would be published. It seems that the reporter's privilege has little utility under these circumstances. Nevertheless, I will analyze the applicability of the privilege in this case.

Upon due consideration of the allegations of the indictment and the representations made by the Assistant United States Attorney in opening, I find that the statements of Charles Walker made to the newspaper reporters are relevant and necessary to the issues in the case. In particular, the statements arguably demonstrate Walker's concealment of his ownership interest in the corporate defendants and his misrepresentation of the purpose of the $38,000 payment to The Augusta Focus. These statements are probative of the Government's allegations of theft of honest services and misappropriation of campaign funds. Moreover, the statements may evince a consciousness of guilt on Walker's part. Counsel for the reporters argues that the statements are not "highly

5

relevant."[4] At this stage of the case, I disagree. Counsel may rest assured, however, that during examination of the reporters, I will not allow testimony that is not highly relevant.

I further find that the information sought by the Government, i.e., the statements of Charles Walker, are not available through other means. While some of the information may be available in certain public disclosure forms, those forms provide only a snapshot of a representation (whether regarding corporate ownership or how campaign funds were used) made when the forms were periodically filed. As such, the forms are not indicative of Walker's mental state at the time the reporters sought his comments. That is, the only way to get statements made by Walker to a reporter that divulge Walker's state of mind when questioned is to ask either the reporter or Walker what was said. Given Walker's right against self-incrimination, the only source available to the Government from which to obtain these statements is the reporter.

Upon the foregoing, the motion to quash the third-party subpoenas to Lucy Soto and Ken Foskett is hereby **DENIED**.

---

[4] The Court notes that the Second Circuit has applied a less demanding standard of "likely relevance" where non-confidential sources are involved. Gonzalez v. National Broadcasting Co., 194 F.3d 29, 36 (2d Cir. 1999).

**ORDER ENTERED** at Augusta, Georgia, this $\underline{25th}$ day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA     *

vs.     *     CASE NO. CR104-059

CHARLES W. WALKER, SR., et al.   *

      *

      *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Order _____ dated 5/25/05 _____, which is part of the official records of this case.

Date of Mailing: 5/265/05
Date of Certificate: 5/25/05

SCOTT L. POFF, CLERK

By _____

NAME:
1. Charles W. Walker, Sr., Edward Garland, Thomas W. Tucker (personally in courtroom)
2. Yolanda Monique Walker, Jerome J. Froelich, Jr.
3. Donald F. Samuel
4. Jim Ellington, (FAX)
5. 
6. 
7. 

Cert/Copy
- ☐ ☒ District Judge
- ☐ ☐ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds