IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 DEC -5 AM 9:34

CLERK _BMcCarthy_
SO. DIST. OF GA.

UNITED STATES OF AMERICA   *
  *
v.   *
  *
CHARLES W. WALKER, SR.,   *   CR 104-059
THE CWW GROUP, INC., GEORGIA   *
PERSONNEL SERVICES, INC.,   *
and THE AUGUSTA FOCUS, INC.   *

**O R D E R**

On June 3, 2005, a jury returned verdicts of guilty against Charles W. Walker, Sr. ("Walker") on 127 of the 137 counts of the indictment in which he was named as a defendant. Following the jury determination of his guilt, Walker moved for a new trial based in part upon his contention that this Court erred in concluding that the defense had struck four white male jurors in violation of Batson v. Kentucky, 476 U.S. 79 (1986). After this motion was denied, Walker filed a motion for reconsideration of his motion for new trial focusing on the Batson issue. This motion for reconsideration was deemed an untimely motion for new trial and was denied, with comments, on November 21, 2005.

On November 29, 2005, Walker was sentenced to 121 months of imprisonment (with $12,700 in special assessments) and a total of 3 years supervised release. The Court imposed a

$150,000 fine and ordered $698,046.89 to be paid in restitution by Walker jointly and severally with the corporate defendants.

Following sentencing, Walker was permitted to remain on bond and was directed to report to the institution designated by the Bureau of Prisons on December 15, 2005. On November 23, 2005, Walker moved for bond pending appeal, arguing that the Batson issue presents a substantial question entitling him to bond pending appeal.

Section 3143(b) of Title 18 governs the conditions for the release of a defendant pending appeal. Section 3143(b) creates a presumption that sentenced defendants should begin serving their sentences unless they establish that they fall within the specific circumstances outlined in the statute. United States v. Giancola, 754 F.2d 898, 900-01 (11th Cir. 1985). Pursuant to Eleventh Circuit precedent, a defendant may overcome such presumption by demonstrating the following:

> (1) that he is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) the appeal is not for the purpose of delay;
>
> (3) the appeal raises a substantial question of law or fact; and
>
> (4) if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Id. at 901.

2

Walker contends that he meets all four criteria. In opposing the motion for bond pending appeal, the Government argues that Walker poses a danger to the community and that his appeal does not raise a substantial question of law or fact. The matter is now before the Court for decision.

To date, Walker has complied with conditions of release imposed at the time of his conviction, as well as the terms of his bond prior to trial. Accordingly, I am satisfied by the requisite standard that Walker is not likely to flee given his substantial and intricate ties with this community. Further, the Court finds that Walker's appeal is not for the purposes of delay.

With respect to whether Walker poses a danger to the community, the Government contends that there exists a potential for Walker to engage in similar fraudulent conduct during the pendency of his appeal that will result in "pecuniary or economic harm" to the community. Upon due consideration, I cannot conclude that Walker has demonstrated by clear and convincing evidence that he is not likely to pose a danger to the community if released from the reporting requirement of December 15, 2005. The trial testimony and the jury's verdict make it clear that Walker is capable of avarice, subtle manipulation, ingenuity, and machination. In considering the potential of this Defendant to inflict some

further economic injury upon the community, I cannot ignore the ingrained and unflagging sanguineness of some past and potential victims. For example, as the United States Probation Officer noted in the presentence investigation report:

> Although there was a board of directors, the members of that board provided no oversight and played little if any role in the operation of the organization. Board Member Donna Murray, in testifying, made a poignant statement concerning the climate under which Walker was allowed to operate. When asked about the allegation that the defendant stole from the CSRA Classic when he used the charitable organization's funds to purchase one-half of the conference table, Murray responded, "how can you steal from yourself?" The defendant abused that position of trust to facilitate and conceal his commission of the offenses. Had he been subject to at least some oversight, he would have been unable to commit, or at least conceal, the instant offenses.

Presentence Investigation Report, at 23. Interestingly, less than six weeks before his sentencing on November 29, 2005, Walker was presented with a plaque by the CSRA Classic Board to commemorate his outstanding service and dedication to the event.

With these observations before me, the apparent puissance of this Defendant, the unerring blind loyalty of those left in control of his former victim (the CSRA Classic), and the propensity of this Defendant to advance his own financial interests often at the expense of those he is ostensibly helping, I am gravely concerned about the likelihood of

further, expensive mischief should the Defendant be allowed to remain on bond beyond the reporting date of December 15.

I have equal misgivings as to this Defendant's intentions, purposes, and designs regarding his financial affairs and businesses. To be sure, Walker's financial obligations to the United States of America and his victims by way of fine, special assessment, and restitution are no longer inchoate. The sum of all totals $860,746.89. Further, my previously expressed concern about the potential for concealment or transfer of assets remains unabated. Mr. Scott Klosinski's examination of the Defendant did little to assuage these concerns. Walker's earlier communications with Mr. Gerald Woods of the Medical College of Georgia and with newspaper reporters prior to trial typify his disregard for the legal integrity of his business corporations. Walker's serial inconsistent statements about the ownership of his companies and the apparent absence of stock transfer records indicate to me an attitude and practice which is cavalier and dismissive toward the conventional usages of the law.

In short, I am completely unable to find by clear and convincing evidence that Mr. Charles Walker is not likely to pose a danger to the community if he is allowed to remain at liberty, on bond pending appeal, after his reporting date of December 15, 2005. On the contrary, it is my finding that

5

there is a likelihood that this Defendant, if allowed to continue in his business as usual, may do just that. While I cannot speculate about what the Defendant might do, experience teaches that he is an imaginative and resourceful individual. Thus, the potential for pecuniary or economic harm, as the Government contends in its response to Walker's motion, exists in a real and palpable way.

The remaining factors to be considered with respect to the instant motion require the Court to make two determinations, first, whether Walker's appeal raises a "substantial question of law or fact," and second, whether a favorable ruling on the substantial question would result in a reversal or an order for new trial. A "substantial question" is "a 'close' question or one that very well could be decided the other way." United States v. Fernandez, 905 F.2d 350, 354 (11th Cir. 1990); Giancola, 754 F.2d at 901 (adopting the reasoning of United States v. Miller, 753 F.2d 19 (3d Cir. 1985)).

The Batson issue has been a matter of significance in this case brought about by Walker's objections to the ruling at trial and in his two motions for new trial. Indeed, the Batson issue will probably be the principal question in any appeal. However, the prominence of the issue should not be interpreted as an indication that the issue is a "close"

question or one that may well be decided the other way. As stated earlier, orally and in writing, my ruling that the defense committed a <u>Batson</u> violation in striking four white male jurors is well-grounded in precedent and amply supported in law and fact. Accordingly, I cannot conclude that the <u>Batson</u> issue, despite its viability, is a close question.

It is important to recognize that the Eleventh Circuit reviews a trial judge's application of <u>Batson</u> at trial with "great deference" and the appellate court "will reverse the district court's determination only if it is clearly erroneous." <u>United States v. Stewart</u>, 65 F.3d 918, 923 (11th Cir. 1995). The standard of review is deferential because "the district court's determination concerning the actual motivation behind each challenged strike amounts to pure factfinding." <u>Id.</u> Five defense lawyers of enviable ability have sifted through and pored over a transcript for months to glean any and every comment or innuendo that benefits Walker's contentions on the <u>Batson</u> issue. Such allegations of error may therefore include matters of some invention and extrapolation from a cold record. Contrarily, the presiding judge was faced with a contemporaneous determination on the <u>Batson</u> challenge after an intensive day-long jury selection. However, I had the advantage of personally witnessing the jury selection process and of basing credibility determinations

7

upon these first-hand observations.

Finally, I must comment upon an argument proffered by defense counsel on behalf of Mr. Walker at the conclusion of the sentencing hearing. Mr. Edward T.M. Garland seeks to buttress Walker's submission that the forthcoming appeal "raises a substantial question of law or fact" likely to result in "a reversal" by asking the Court to validate or certify Mr. Garland's recollection of a conversation between the presiding judge, Assistant United States Attorney Richard Goolsby, and Mr. Garland after the completion of jury selection on the night of May 23, 2005, at approximately 9:05 o'clock, p.m. As the transcript indicates, there was a conversation *dehors* the record in chambers attended by the presiding Judge, Mr. Goolsby, and Mr. Garland. Such conferences are not unusual during an extended trial, and they occurred at other times. However, the presiding Judge always insists that one attorney from each side of the case be in attendance unless there is some very significant and appropriate reason for an *ex parte* communication. Always, the parties are at liberty and are encouraged by the Court to put all, or any part of, any such conversation on the record by bringing in the court reporter for such purposes or by memorializing the conversation in the record immediately thereafter. Indeed, such recordations of *in camera*

conferences occurred at other times during this trial. However, there was no request for any recordation of any portion of the 9:05 p.m. *in camera* discussion of May 23, 2005.

I decline the invitation to embrace Mr. Garland's recollection of any part of an unrecorded *in camera* discussion. Most *in camera* discussions are conducted with the purpose to accommodate and assist counsel in the orderly and efficient presentation of their respective sides of a case. The less formal atmosphere encourages candor and lessens the likelihood of posturing. Further, only when both sides of an issue are in agreement about the specifics or essence of a conversation would I consider the validation or certification thereof six months later. With the court reporter and other recording facilities available at all times, a party who does not timely call for a recordation of an exchange outside the courtroom cannot later rely upon it for any purpose.

Upon the foregoing, Walker has failed to raise a substantial question of law or fact in the case for appeal; thus, I need not determine whether a favorable ruling on appeal on the <u>Batson</u> issue would suffice to warrant a new trial. In short, Mr. Walker fails to sustain his burden under 18 U.S.C. § 3143(b)(1)(B). Indeed, Walker was represented by competent counsel and received a fair trial that concluded with a unanimous verdict of guilty on numerous counts by a

9

fair and impartial jury. Accordingly, Defendant Walker's motion for bond pending appeal is hereby **DENIED**.

During the drafting of this Order, the Court received by facsimile a letter from defense counsel Mr. Thomas W. Tucker, dated December 1, 2005, and a "Motion to Permit Surrender After Designation" filed by Mr. Donald F. Samuel, dated December 2, 2005, both of which request that this Court extend the time within which Walker must surrender himself for service of his sentence. The proffered reasons stated in the letter and motion are to allow Walker time to "get his business affairs in order" and to allow him "to spend the holidays with his family."[1] Walker also expresses concern that he will have to spend time in a county jail or similar institution for a number of weeks if the Bureau of Prisons does not designate a facility by December 15th.

I have attached as an appendix to this Order a chronological outline of the events between the jury verdict of June 3, 2005, and sentencing on November 29, 2005. This Court has every expectation that the Bureau of Prisons will designate a facility by December 15th. Even if it does not, this outline demonstrates that Walker has remained on bond for over six months since his felony conviction, which is atypical

---

[1] The Court declines to consider the latter reason, i.e, that Mr. Walker be allowed to remain on bond for the holidays.

10

of most federal criminal defendants. Moreover, it shows that Walker has had ample time to attend to his affairs since he was convicted. Accordingly, the date of surrender will not be extended. The motion to permit surrender after designation is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE

<u>USA vs. Charles W. Walker, Sr., et al.</u> (CR 104-059)

TIMELINE

| | |
|---|---|
| <u>June 3, 2005</u><br>*(Docket # 130 - 133)* | Verdicts returned by the jury. Defendant Walker allowed to remain on bond. |
| <u>June 9, 2005</u><br>*(Docket #134)* | Defense files motion for acquittal or for new trial with request that Court delay ruling until preparation and filing of transcript and for oral argument. |
| <u>July 18, 2005</u><br>*(Docket #138)* | Order entered denying motion for acquittal or for new trial. |
| <u>August 3, 2005</u> | E-mail from USPO Bragg to Mr. Samuel requesting anticipated completion date of corporate financial statements. |
| <u>August 3, 2005</u> | E-mail response from Mr. Samuel giving the anticipated completion date of August 15, 2005. |
| <u>August 10, 2005</u> | E-mail from Mr. Samuel to USPO Bragg - tax returns to be provided by August 15, 2005. Financial statements anticipated to "take another couple of weeks." |
| <u>August 16, 2005</u> | Hearing scheduled on defendant's request for extension of time for submission of financial information for inclusion in the PSI. |
| <u>August 22, 2005</u> | Sealed hearing held on defendant's request for extension of time. Scott Klosinski appeared at Court's request to assist USPO in assembling financial information for the Court. |
| <u>September 9, 2005</u> | Mr. Klosinski met with parties and Probation Officer at U.S. Courthouse in Augusta re: assembling of financial information. |
| <u>September 22, 2005</u> | Notice to parties by Clerk of sentencing date set for November 14, 2005 at 9:00 a.m. Notice faxed to counsel. |
| <u>September 23, 2005</u><br>*(Docket # 139)* | Defense files motion to continue sentencing date, for the convenience of defense counsel. |

| | |
|---|---|
| September 26, 2005 stating *(Docket # 140)* | The Government responds to motion to continue, no opposition. |
| September 26, 2005 *(Docket # 141)* | Telephone conference held at 4:30 p.m. in chambers with Mr. Garland and Mr. Goolsby re: motion to continue sentencing. |
| September 28, 2005 *(Docket # 142)* | Order entered continuing sentence to November 28, 2005. |
| October 4, 2005 *(Docket # 143)* | Entry of appearance filed by Ms. Kirkley and Mr. Hawker for defendants. |
| October 12, 2005 *(Docket #146)* | Order entered extending time to October 21, 2005 for filing objections to the PSI. |
| October 19, 2005 | Letter from Mr. Samuel requesting further extension of time for filing objections to the PSI - due to death of Ms. Kirkley's father. Extension to October 31, 2005 granted. |
| November 2, 2005 *(Docket # 148)* *(Docket #150)* | Defense files motion for reconsideration of motion for new trial or judgment of acquittal with request for evidentiary hearing and oral argument. |
| November 8, 2005 *(Docket # 153 - 157)* | Transcripts filed with Clerk of Court. |
| November 21, 2005 (Docket # 159) | Order entered denying motion for reconsideration and request for oral argument. |
| November 28 and 29, 2005 | Sentencing hearing held. Defendant Walker allowed to remain on bond. |
| November 30, 2005 | Judgment and Commitment Orders signed and filed. |

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA      *

        vs.      *      CASE NO. CR104-59

CHARLES W. WALKER, SR., et al.      *

         *

         *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Order dated 12/5/05, which is part of the official records of this case.

Date of Mailing: 12/5/05
Date of Certificate: 12/5/05

SCOTT L. POFF, CLERK

By: _L. Hudson_

NAME:

1. Charles W. Walker, Sr., Edward Garland, Thomas W. Tucker, Thomas L. Hawker, Dorothy Kirkley
2. Donald F. Samuel
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☒ District Judge
- ☐ ☐ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☒ U.S. Probation
- ☐ ☒ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds