IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 104-059 |
| | * | |
| CHARLES W. WALKER, SR., | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

On September 27, 2016, Defendant Charles W. Walker, Sr. filed a motion to terminate his supervised release. (Doc. No. 261.) On June 23, 2004, Defendant was first indicted by the grand jury of this district wherein he was accused of 137 counts involving several schemes of criminal conduct manifest by fraud, corruption, deceit, dishonesty and unlawful enrichment. After a lengthy and laborious jury trial, Defendant was convicted of 127 counts and, on November 29, 2005, was sentenced to a prison term of 121 months, fined $150,000.00, ordered to pay restitution in the amount of $698,046.89, directed to pay special assessments in the amount of $12,700.00, and required to serve a three-year term of supervised release.[1]

---

[1] Specifically, Defendant was required to serve: (a) a three-year term of supervised release on 123 counts; and (b) a one-year term of supervised release on 4 counts. (Doc. No. 166, at 3.) These terms of supervised release are to be served concurrently. (See id.); see also 18 U.S.C. § 3624(e).

The United States Probation Officer has reported to the presiding Judge that Defendant has paid his fines and special assessments. Further, under the Court's direction, an intricate system was devised for the distribution of restitution amounts which Defendant has paid in full. Finally, Defendant has served his prison term in accordance with the requirements of the Bureau of Prisons, a term which amounted to approximately 96 months in actual custody with the remainder in a halfway house and home confinement. Defendant commenced his term of supervised release on September 26, 2014, and there are no reported violations of any of the terms and conditions of supervised release.[2]

The United States Attorney has succinctly opposed Defendant's present motion "due to the nature and circumstances of [Defendant's] offenses." (Doc. No. 262.) Certainly it is true that the 127 offenses of conviction were extensive, characterized by venality, manipulation, and disingenuousness. Moreover, at sentencing and to the present

---

[2] Defendant has previously sought - and been denied - early termination of supervised release. Specifically, after completing approximately thirteen months of supervised release, he sought early termination on October 21, 2015 on similar grounds as those proffered in his present motion. (Doc. No. 258.) The Government opposed the Defendant's request "due to the nature of [Defendant's] offenses and the need to avoid unwarranted sentencing disparities." (Doc. No. 259.) On November 24, 2015, the Court denied Defendant's request. (Doc. No. 260.) In denying Defendant's request, the Court noted that the United States Probation Office "does not typically recommend early termination until an offender has served 2/3 of his term of supervised release" and found no reason "to warrant treating [the offender] any differently that it does other similarly situated offenders." (Id.)

date, Defendant has expressed no remorse, contrition, apology, or acceptance of responsibility for his criminal conduct. I have little doubt that Defendant is as recalcitrant as ever and that he adheres to the same self-serving pretexts of exculpation advanced on his behalf at trial and at sentencing. In short, nothing has changed other than the passage of time and payment of sums due.

After the expiration of one year of supervised release, a defendant can be eligible for early termination upon a court's finding that termination "is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1). In making such a determination, a court must consider similar factors to those considered in deciding whether to impose a term of supervised release at the time of sentencing. See 18 U.S.C. § 3583(e)(1); cf. 18 U.S.C. § 3583(c). The Federal Sentencing Guidelines encourage courts to exercise their discretion to terminate supervised release where appropriate. See U.S.S.G. § 5D1.2, cmt. n.5.

In the exercise of objectivity and calm discretion the Court is obliged to note that Defendant was sentenced to a prison term, supervised release, fines, restitution, and special assessments on November 29, 2005 because of the nature and circumstances of his crimes aforestated. (See Sentencing Transcript (Part 2), Doc. No. 191-2, at 46-50, 71-74, 84-86;

Sentencing Transcript (Part 3), Doc. No. 191-3, at 87-101.) At sentencing, the Court prominently alluded to the factors of punishment and deterrence as reasons for imposing its sentence.[3] See 18 U.S.C. § 3553(a). The factor of punishment relates to all but one of the sentencing features incorporated in the Judgment and Commitment Order of November 29, 2005: incarceration, fines, restitution, and (to an extent) the special assessments, but is irrelevant to the imposition (or termination) of a term of supervised release. See 18 U.S.C. §§ 3583(c) & (e)(1); see also United States v. Johnson, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." (citations omitted)); United States v. Granderson, 511 U.S. 39, 50 (1994) ("Supervised release, in contrast to probation, is not a punishment in lieu of incarceration."); United States v. Vallejo, 69 F.3d 992, 994 (9th Cir. 1995) ("[T]he purpose of supervised release: to protect the public and to facilitate the reintegration of the defendant into the community." (quotations and citations

---

[3] See, e.g., Sentencing Transcript (Part 3), at 96 ("Now, Mr. Walker is not a psychotic individual to be excluded from society, but he is a[n] individual to endure punishment because he has violated the law. . . . . All of these things having been considered and especially the need for an example or deterrence for others who might be similarly inclined under the same or similar circumstances[,] it is my view that a departure above the range called for by the guidelines is appropriate.").

omitted)).

Here, the Court finds that, upon consideration of the factors required by Section 3583(e)(1), early termination of Defendant's term of supervised relief is appropriate in light of the conduct of Defendant and the interests of justice. Defendant's original sentence of imprisonment of 121 months was an upward departure from the advisory sentencing guidelines range. (See Sentencing Transcript (Part 3), at 93-98.) Another year of supervised release is unlikely to provide any significant additional protection to the public from further crime, but it would most certainly and unnecessarily expend resources of the judiciary. Given Defendant's considerable socio-economic resources and uneventful post-imprisonment reintegration, the Court also finds it unlikely that he requires further time or treatment to successfully transition back to community life.

Accordingly, after a review of the record and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's motion to terminate his supervised release (doc. no. 261) is **GRANTED** and Charles W. Walker, Sr. is **DISCHARGED** from his remaining term of supervised release upon entry of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of October, 2016.

UNITED STATES DISTRICT JUDGE

5